JAMES M. RUSSELL v. THE WESTERN UNION TELE-GRAPH COMPANY.

No. 8772.

1. TELEGRAM—*negligent delivery of; addressee suing for, bound by company's contract with sender.* In an action brought by the addressee of a telegram against a telegraph company to recover damages because of its failure to promptly deliver the message, the plaintiff's rights must be determined by the contract made by the sender of the message with the telegraph company. He cannot repudiate the contract made for his benefit and still recover damages for the failure of the company to perform it.

2. —— *stipulation in contract limiting time for presenting claim for damages, reasonable and valid.* A stipulation in the contract for the transmission of a telegraphic message that "the company will not be liable for damages in any case where the claim is not presented in writing within 60 days after sending the message," is reasonable and valid, and where the plaintiff fails to present his claim for more than nine months after the message was sent his right of action is lost.

*Error from Wyandotte District Court.*
*Hon. Henry L. Alden, Judge.*

AFFIRMED.                    OPINION FILED JULY 11, 1896.

JAMES M. RUSSELL brought suit against the Western Union Telegraph Company to recover damages, because of its failure to promptly deliver to him the following message :

"CARRIER MILLS, ILL., October 13, 1889.

"To J. M. Russell, Edgerton Place in Passfield Addition, Kansas City, Mo. : Don't think mother will live till morning.   Come at once.

W. D. RUSSELL."

The petition alleges that the plaintiff was a resident of Kansas City, Kansas ; that the message was delivered to the defendant Company at Carrier Mills, Illinois, on the day of its date, for transmission to him in Kansas City ; that, through the willful, wanton and culpable negligence of the defendant, the message was not delivered until the 15th of October at about 5 o'clock in the evening ; that he took the first train thereafter, but did not reach his mother's home until after she was dead and buried ; that, by reason of the defendant's negligence, he was needlessly put to great trouble and expense, and caused great sorrow because of his inability to see his mother in her last moments.    The defendant answered, alleging, among other things, that the message was delivered to it on a printed blank subject to certain conditions, one of which was : "The company will not be liable for damages in any case where the claim is not presented in writing within 60 days after sending the message."    It further alleges that no claim for damages was made within 60 days after the message was sent. The plaintiff replied "that he did not authorize any person to make such contracts for him ; that he did not know that any such contract had been made, and that he never agreed to the terms of said pretended contract" ; that by the negligence of the defendant he was taken from his home to a distant state on a fruitless journey, and was there unavoidably detained for more than 60 days after the receipt of the message ; and that, soon after his return to his home in Kansas City, where said message was received, he brought this suit.    The defendant demurred to the reply, and this demurrer was sustained, and judgment entered thereon for the defendant for costs.

The plaintiff alleges error in this ruling of the court, and presents it here by petition in error.

*U. Hoyt,* for plaintiff in error.

*George H. Fearons, Arthur Francis Smith,* and *Karnes, Holmes & Krauthoff,* for defendant in error.

ALLEN, J.   The contention on behalf of the plaintiff is, that he was not a party to the contract and is not bound by its terms; that the defendant is a corporation enjoying corporate privileges derived from the public, and charged with the performance of certain public services; that by reason of its relations to the public it was bound to correctly transmit, and promptly deliver the message to him.   The claim of liability because of a failure to perform a public duty, independent of any contract, finds some support in the authorities.   25 Am. & Eng. Encyc. Law, 826; Thompson, Electricity, § 427.   It will be noticed that this is not an action to recover damages for delivering a changed message whereby the receiver was misled. In such a case it may well be argued that a liability arises from the wrongful act of the defendant in delivering to him a false message whereby he is misled to his injury, and that this liability is wholly independent of any contract made by the sender of the message without authority of the receiver.   In this case, however, the plaintiff was not misled by any act of the defendant.   The defendant, at most, merely failed to perform its undertaking to promptly transmit and deliver the message.   Just how a liability to perform that service can arise independently of any contract with the sender of the message, we are unable to perceive.   A telegraph company certainly is

under no obligation to transmit messages except when employed by some person to do so. Perhaps, because of the public nature of its business, it may not refuse the employment, nor impose unreasonable conditions for undertaking it; but can it be doubted that, whenever it receives a message for transmission, there is either an express or implied contract on its part that it will transmit and deliver it? This Court has heretofore consistently maintained the right of a person, for whose benefit a contract has been made by another, to accept and adopt the terms of the contract and maintain an action on it in his own name. *Anthony v. Herman*, 14 Kan. 494; *Burton v. Larkin*, 36 id. 246; *Rouse v. Bartholomew*, 51 id. 425. And this rule has been applied in actions brought by the addressee of a telegram against the telegraph company. *West v. Telegraph Co.*, 39 Kan. 93; *Telegraph Co. v. Woods*, 56 id. 737. We are satisfied with the rule heretofore maintained by this Court, and, under it, the liability of the defendant must be determined by the contract made with the sender of the message, of which contract the plaintiff was entitled to the benefit.

While it is held that a common carrier may not impose a condition exempting him from liability for his own negligence, and while this rule has been held to apply equally to a telegraph company as engaged in a business substantially like that of a common carrier, a stipulation in the contract made with the sender of the message, that a claim for damages shall be presented within a specified time, has been generally regarded as reasonable and valid; and where such a contract is made, the great majority of the courts hold that if the claim is not presented within the time limited, where a reasonable time is fixed, the plaintiff cannot recover. Sixty days has been held

a reasonable time after delivery of the message. *Sherrill v. Telegraph Company*, 109 N. C. 527; *Wolf v. Western U. Tel. Co.*, 62 Pa. St. 83; *Manier & Co. v. Western U. Tel. Co.*, 94 Tenn. 442; *Lester v. Western U. Tel. Co.*, 84 Tex. 313; *Young et al. v. Western U. Tel. Co.*, 65 N. Y. 163; *Heimann and others v. Western U. Tel. Co.*, 57 Wis. 562; 25 Am. & Eng. Encyc. Law. 798; Thompson, Electricity, § 247. In this case the message was delivered on October 13, 1889. The claim was first presented by the commencement of this action on the 6th of August, 1890. The plaintiff had no cause of action independent of the contract made for his benefit by the sender of the message. Having failed to present his claim within the time required by that contract, he has lost whatever right of action the contract gave him.

The judgment is affirmed.

All the Justices concurring.