HELEN L. WILKINSON vs. NEW ENGLAND TELEPHONE AND
TELEGRAPH COMPANY.

Suffolk.    December 5, 1950. — March 6, 1951.

Present: QUA, C.J., RONAN, WILLIAMS, & COUNIHAN, JJ.

*Telephone Company.  Public Utilities.  Contract, For telephone service.
Negligence, Contractual limitation of liability, Telephone company.
Wanton or Reckless Conduct.  Actionable Tort.*

Wanton or reckless conduct on the part of a telephone company toward a
subscriber engaged in the hairdressing business would not be shown
by the mere fact that over a period of several months the subscriber
made nineteen complaints to the company of faulty operation of her
telephone whereby her customers or potential customers were unable
to reach her.

In an action against a telephone company by a subscriber engaged in
the hairdressing business to recover for financial loss sustained through
faulty operation of the plaintiff's telephone, where it was not shown
that the faulty operation continued for as much as twenty-four hours
on any occasion and no specific time within which the faulty operation
was brought to the attention of the company appeared, recovery by
the plaintiff either in contract or in tort for negligence was precluded
by a reasonable regulation of the company, approved by the depart-
ment of public utilities and forming part of the relationship of the
parties, that "for any complete failure of . . . service continued more
than twenty-four hours and brought to the notice of the . . . Com-
pany within ten days, the . . . Company will make a pro-rata ad-
justment of charge or guarantee."

CONTRACT OR TORT.    Writ in the Superior Court dated
August 6, 1947.

The plaintiff moved to amend the writ by striking out the
words "contract or" so that the action would "be described
therein as an action of tort"; and to amend the declaration
by designating the counts as in either contract or tort and
by adding the following sentence: "The plaintiff, being
uncertain as to which class of actions the within action be-
longs, does hereby join in her declaration two counts in
contract with her two counts in tort, all of said counts being

for one and the same cause of action." The motion was allowed.

The action was tried before *Hanify*, J.

*W. E. Doherty, Jr.*, for the plaintiff.

*J. N. Clark*, for the defendant.

COUNIHAN, J. This is an action described in the amended writ as in tort. The declaration contains four counts, two in contract and two in tort. The case came on for trial before a jury, and after an opening statement by counsel for the plaintiff, the judge, on motion, directed a verdict for the defendant. The plaintiff excepted and the action is here upon a report of the judge to determine whether the direction of a verdict for the defendant "was correct either because of lack of jurisdiction of the Superior Court or because the provisions of General Regulations VI A approved by the department of public utilities were such a limitation of the defendant's obligation to the plaintiff that no damages could be recovered even if the plaintiff proved actual financial loss due to the kind of failure of the defendant's service to the plaintiff on which she bases her action."

The opening statement was in substance as follows: The defendant is a public service corporation engaged in the transmission of intelligence within the Commonwealth and elsewhere by electricity by means of telephone lines. By statute it is made a common carrier and its rates, regulations, and practices are subject to the control and supervision of the department of public utilities, hereinafter called the department. G. L. (Ter. Ed.) c. 159.[1] The plaintiff, a hairdresser, was engaged in business in Boston. Sometime in March, 1946, she subscribed for and obtained a business telephone. She made the deposit required by the defendant and regularly paid all bills rendered. She made no express contract written or oral, but relies on the obligation arising out of the relationship which she entered into with the

---

[1] Relevant parts of G. L. (Ter. Ed.) c. 159 are set forth in a footnote to *Department of Public Utilities* v. *New England Telephone & Telegraph Co.* 325 Mass. 281, 282–284.

defendant. Her telephone service was satisfactory until late in December, 1946. From then until April 12, 1947, she made nineteen complaints to the defendant of faulty service. In the main her complaints were that customers and potential customers when calling her telephone received on many isolated occasions a busy signal when in fact her telephone was not in use, and that on many other occasions when her telephone number was called the bell did not ring. Because of these breaches of her arrangement with the defendant or because this failure of service was the result of negligence of the defendant she suffered financial loss.

The defendant had filed with the department a rate schedule and regulations which were in effect during the period of these complaints, and.this schedule and the regulations had been duly approved by the department. One of these regulations here pertinent reads: "VI Failure of Service A. For any complete failure of local exchange service continued more than twenty-four hours and brought to the notice of the Telephone Company within ten days, the Telephone Company will make a pro-rata adjustment of charge or guarantee." This regulation, which the plaintiff concedes was applicable to her service, was published in the telephone directories issued during the period in which these complaints arose. There was nothing in the statement of counsel for the plaintiff to indicate that on any occasion was there a failure of service which continued for as much as twenty-four hours, nor was there anything to indicate any specific time within which the failure of service was brought to the attention of the defendant.

The plaintiff contends that the court has jurisdiction of this action and that regulation VI A does not limit her right to recover for the failure of service of which she complains. The defendant argues to the contrary.

We assume without deciding that the court had jurisdiction to entertain this action and limit our consideration to the question as to whether or not regulation VI A precludes recovery.

It has been clearly established that in some circumstances

a judge is warranted in directing a verdict for the defendant if the opening statement of counsel for the plaintiff does not disclose evidence which, if taken to be true, would justify the jury in finding for the plaintiff. *Douglas* v. *Whittaker*, 324 Mass. 398. *Noyes* v. *Shanahan*, 325 Mass. 601. One of the counts in the plaintiff's declaration alleges wilful and wanton acts of the defendant and, if sustained by evidence, might require submission of this action to the jury. *Ellis* v. *American Telegraph Co.* 13 Allen, 226, 234. Nowhere in the opening statement, however, is there a sufficient allegation of facts from which the jury could infer or find any wilful or wanton misconduct on the part of the defendant. *Aragona* v. *Parrella*, 325 Mass. 583, 587. The plaintiff cannot recover on this count.

We are of opinion that the plaintiff is precluded from recovering on the other counts of her declaration because of regulation VI A.

There is no doubt that it is the duty of the defendant to furnish service upon application and by virtue of the relationship which existed between the plaintiff and the defendant. This duty, however, is to be performed in accordance with the regulations of the defendant, which were approved by the department and of which the plaintiff is presumed to have notice. Regulation VI A became an integral part of the relationship which the plaintiff entered into with the defendant, and the obligations of the defendant are limited by that regulation if it is a reasonable one. *Mentzer* v. *New England Telephone & Telegraph Co.* 276 Mass. 478, 484. *Pollock* v. *New England Telephone & Telegraph Co.* 289 Mass. 255, 260–261. The right of a common carrier, as the defendant is made by statute, to make rules and regulations, subject to the approval of the department and the requirement of reasonableness, has been long recognized. A full and complete discussion of this principle is found in *Ellis* v. *American Telegraph Co.* 13 Allen, 226. There it was said, at page 234, of a telegraph company, that there is nothing to "prevent parties from prescribing reasonable rules and regulations for the management of the business, or estab-

lishing special stipulations for the performance of service which, if made known to those with whom they deal, and directly or by implication assented to by them, will operate to abridge their general liability at common law, and to protect them from being held responsible for unusual or peculiar hazards which are incidental to particular kinds of business."

Because of the complexities and intricacies of the modern telephone system in which the personal element has been substantially eliminated and much if not all of the means of making usual telephone calls is left to mechanical devices, such a regulation is not unreasonable. There are so many ways by which the failures of service of which the plaintiff complains could occur that the defendant ought not to be held liable unless, as the regulation provides, such failure continued for at least twenty-four hours.

There is no merit in the contention of the plaintiff that this regulation applies only when there has been a continuous failure of service for more than twenty-four hours. This regulation is not solely a limitation of damages in case of failure of service. Its purpose is rather to limit and define the duty of the defendant to supply service. It sets out what type of service the defendant will supply and the scope of the service it undertakes to furnish. It completely covers the field.

The regulation was not unreasonable, and because the failure of service did not on any occasion exist for as much as twenty-four hours the plaintiff cannot recover. Any other result might invite and encourage litigation which, because of increased costs to the defendant, might ultimately effect an increase in rates for telephone service. By c. 159 rates and regulations are indissolubly bound together. When the department approved regulation VI A, it must have had in mind its effect on rates and no modification of the regulation may be countenanced. It is an effectual bar to this action.

*Judgment for the defendant.*