No. 46,379

JOSEPH ANDERSON, Administrator of the Estate of Margaret M. Smith, *Appellee,* v. IRMA C. WHITE and ROBERT W. WHITE, *Appellants.*

(499 P. 2d 1056)

Opinion filed July 19, 1972.

*Barton Brown,* of Wallace, Saunders, Austin, Allen, Brown and Enochs, of Overland Park, argued the cause, and *Peter Martin,* of Breyfogle, Gardner, Martin, Davis and Kreamer, of Olathe, was with him on the brief for the appellants.

*Marion W. Chipman,* of Olathe, argued the cause, and *Joseph Anderson,* of Mission, was with him on the brief for the appellee.

*Per Curiam:* This appeal requires this court to determine only the sufficiency of evidence in a personal injury action to support the submission of the case to the jury. Margaret Smith brought this action against her daughter, Irma C. White and son-in-law Robert W. White. Mrs. Smith died prior to trial and the administrator of her estate was substituted as plaintiff.

The jury found for defendants on Count I of the petition but awarded $15,000 damages, plus court costs, on Count II. The injury involved in Count II occurred on December 21, 1967, while Mrs. Smith was staying in defendants' home recuperating from a fall which was the basis of Count I.

Defendants owned a dachshund dog named Heidi which was inclined to jump on people. Defendant Robert White testified that often the dog was locked away from visitors because of her high strung nature. He further testified that he kept the dog out of Mrs. Smith's room as much as possible and that the only time the dog was in the house was when Mrs. Smith was in bed or when defendants were with her.

At the time of the injury, Mrs. White was at work away from home. Mr. White was in the kitchen preparing the evening meal. Defendants' son was home from school and, not heeding his father's instructions about leaving the dog outside, let the dog in the backdoor. The dog streaked past Mr. White and into the living room where Mrs. Smith had gotten out of her wheelchair and was proceeding toward her room with the aid of a walker. The dog ran

between Mrs. Smith and her walker, causing her to lose her balance and fall. Mrs. Smith suffered a broken arm and other injuries to her shoulder. Five days later she entered the hospital where she remained until she died. Mr. White testified that he did not follow the dog as it ran past him through the kitchen and did not go to the living room until he heard Mrs. Smith holler. All witnesses were called by plaintiff; defendants introduced no evidence whatsoever.

The trial court determined that Mrs. Smith was a licensee and instructed the jury on Count II that plaintiff was entitled to recover only upon a showing that she was injured as a result of willful or wanton misconduct of the defendants in one of two particulars: (a) In failing to control and restrain the dog; (b) in failing to confine or prevent the dog from running into and against the deceased when they knew of her physical condition. Defendants contended by a motion to dismiss at the close of evidence and now contend on this appeal that there was insufficient evidence of willful or wanton misconduct on their part which proximately caused injury to Mrs. Smith to submit the case to the jury. Plaintiff apparently made no objection to assuming the burden of proving wanton misconduct.

Plaintiff claimed damages for aggravation of a preexisting ailment, and the jury was instructed that it might award damages for such aggravation. Plaintiff contended that the fall caused the activation of a previously dormant cancerous condition. Assuming willful or wanton misconduct was found, defendants contend there was insufficient evidence of aggravation of a preexisting cancerous condition to be the basis for an award of damages.

We determine the evidence here insufficient to raise a jury question on the issue of liability. It is undisputed that Mrs. White, the daughter of plaintiff, was away from the home at the time of the accident. It is thus inconceivable that she engaged in willful or wanton misconduct causing the accident. Likewise it is difficult to find negligence, let alone willful or wanton misconduct, on the part of Mr. White which could have proximately caused the accident.

Willful conduct is action indicating a design, purpose or intent on the part of a person to do wrong or to cause an injury to another. The record is devoid of evidence to show either defendant intended to injure Mrs. White's mother.

Wanton conduct is action indicating a realization of the immi-

nence of danger and a reckless disregard and complete indifference and unconcern for the probable consequences of the action. (*Duckers v. Lynch,* 204 Kan. 649, 653, 465 P. 2d 945.) There is not sufficient evidence of "complete indifference" on the part of Mr. White to show wanton misconduct on his part. He had placed the dog in the backyard and his son had been cautioned to leave the dog there. Clearly, he took action to confine the dog away from Mrs. Smith. Mr. White's failure to follow the dog as it ran past him to try to prevent the dog from reaching Mrs. Smith could not reasonably rise to the level of wantonness. There is nothing in the record to show that his failure to follow the dog contributed to Mrs. Smith's injury. Nothing in the record indicates he could have reached the living room in advance of the dog.

The decision of the trial court is reversed with directions to sustain the motion of defendants for a directed verdict.