Donald M. **HOLMAN** et al., Plaintiffs,

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY**, a corporation, Defendant.

**Civ. A. No. KC–3085.**

United States District Court,
D. Kansas.

May 9, 1973.

David W. Carson and John H. Fields, of Carson, Mahoney & Fields, Kansas City, Kan., for plaintiffs.

Leonard O. Thomas and Ronald C. Newman, Weeks, Thomas, Lysaught, Bingham & Johnston, Kansas City, Kan., William C. Sullivan, T. Larry Barnes, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

Plaintiffs, two corporations and their principal stockholder, have filed this action for the alleged breach of contract or, alternatively, negligence of defendant telephone company in providing adequate intrastate telephone service in Kansas and Missouri. The matter is now before the court on the defendant's motion for summary judgment.

Defendant's main contention is that its liability herein is governed by tariffs filed with the Kansas Corporation Commission and the Missouri Public Service Commission. Plaintiffs do not dispute that said tariffs ·were on file at the time the alleged breach of contract or negligence occurred. The tariffs then in effect were substantially as follows:

"INTERRUPTIONS OF SERVICE—The customer assumes all risk connected with the use of telephone service or other communication ,services or facilities furnished him by the Telephone Company except as follows: If service is interrupted other than by the negligence or willful act of the customer, an allowance at the minimum rate for the telephone facilities and class of service in effect at the time of the interruption shall be made for the time such interruption continues after the fact is reported by the customer or after detected by the Telephone Company and the interruption is for more than 24 hours. No other liability shall in any case attach to the company in consideration of such interruptions."

Plaintiffs contend, on the other hand, that under Kansas law the defendant may not limit its liability in its intrastate business by filing an "unreasonable" tariff. In support of their contention, plaintiffs cite two telegraph company cases: McNally Pittsburg Mfg. Corp. v. Western Union Telegraph Co., 186 Kan. 709, 353 P.2d 199 (1960), and Milling Co. v. Postal Telegraph Co., 101 Kan. 307, 166 P. 493 (1917). In the *Milling Co.* case, the Supreme Court of Kansas held:

"In conducting its intrastate business a telegraph company may make reasonable stipulations limiting its liability, but in the absence of positive or permissive statutes governing the subject, the reasonableness of any such stipulation is a question for judicial determination." (syl. 2)

The court relied upon previous cases where reasonable limitations of liability —for other than gross negligence—were upheld [Russell v. Telegraph Co., 57 Kan. 230, 45 P. 598 (1896)], while unreasonable limitations restricting liability to an insignificant sum where negligence was gross were disregarded [Telegraph Co. v. Crall, 38 Kan. 679, 17 P. 309 (1888)].[1] The more recent *McNally* case is, in our view, just another application of the reasonableness rule.[2] In

---

1. Kansas no longer recognizes degrees of negligence, such as "gross" negligence. Muhn v. Schell, 196 Kan. 713, 413 P.2d 997 (1966). There remains, however, the distinction between mere or ordinary negligence and reckless, wanton, or willful misconduct. Blackburn v. Colvin, 191 Kan. 239, 380 P.2d 432 (1963).

2. The relevant statute, which has been in effect since 1911 and from which the rule appears to be derived, is K.S.A. 66–107:
   "Service, facilities, rules, classifications, regulations, rates, fares, tolls and charges by utilities. Every common carrier and public utility governed by the provisions of this act shall be required to furnish reasonably efficient and sufficient service, joint service and facilities for the use of any and all products or services rendered, furnished, supplied or produced by such public utility or common carrier and to establish just and reasonable rates, joint rates, fares, tolls, charges and exactions and to make just and reasonable rules, classifications and regulations; and every unjust or unreasonable discriminatory or unduly

other words, the particular limitation there involved did not have the force and effect of law because the court found that, under the circumstances of that case, it was unreasonable. Conversely, unless the tariff's limitation were found to be unreasonable, it would have the force and effect of law. Shehi v. Southwestern Bell Telephone Company, 382 F.2d 627 (10th Cir. 1967); Ford v. Southwestern Bell Telephone Co., No. T–4540 (D.C.Kan.1971) *unpublished*. While the defendant asserts that primary jurisdiction is conferred upon the Corporation Commission to determine the reasonableness of such a limitation, the case law makes it clear—and there does not appear to be any statutory authority to the contrary—that the court is the final arbiter of the reasonableness of a limitation of liability. Milling Co. v. Postal Telegraph Co., *supra*; McNally Pittsburg Mfg. Corp. v. Western Union Telegraph Co., *supra*.

In Missouri, the law is substantially the same as in Kansas.

"Limitations of liability contained in rate schedule of telephone company are binding on telephone subscribers and become a part of the law, when filed under authority of law and unless found to be unreasonable, and regardless of whether or not telephone subscriber knows of limitation." (syl. 5)

"Although limitations on liability contained in rate schedule are generally valid and enforceable, they do not exempt a telephone company from liability when its conduct has been wanton or willful." Warner v. Southwestern Bell Telephone Company, Mo., 428 S.W.2d 596 (syl. 12) (1968).

See also State ex rel. Mt. States T. & T. Co. v. District Court, 503 P.2d 526 (Mont.1972), and Wheeler Stuckey, Inc.

v. Southwestern Bell Telephone Co., 279 F.Supp. 712 (D.C.Okl.1967).

So far as the court has been able to determine, the kind of tariff involved in this action, namely, one dealing with inadequate or interrupted service, has never been the subject of judicial scrutiny in either Kansas or Missouri. In at least two other states, however, virtually the same kind of tariff has been at issue. In Massachusetts, it was held:

"Because of the complexities and intricacies of the modern telephone system in which the personal element has been substantially eliminated and much if not all of the means of. making usual telephone calls is left to mechanical devices, such a regulation is not unreasonable. There are so many ways by which the failures of service of which the plaintiff complains could occur that the defendant ought not to be held liable unless, as the regulation provides, such failure continued for at least twenty-four hours    .    .    . This regulation is not solely a limitation of damages in case of failure of service. Its purpose is rather to limit and define the duty of the defendant to supply service. It sets out what type of service the defendant will supply and the scope of the service it undertakes to furnish. It completely covers the field." Wilkinson v. New England Tel. & Tel. Co., 327 Mass. 132, 97 N.E.2d 413 (1951).

In California, the opposite result was reached in Product Research Associates v. Pacific Telephone & Telegraph Company, 16 Cal.App.3d 651, 94 Cal.Rptr. 216 (1971), but we think that case is distinguishable because, unlike Kansas and Missouri, California has a positive statute which declares that limitations of liability are against public policy

preferential rule or regulation, classification, rate, joint rate, fare, toll or charge demanded, exacted or received is prohibited and hereby declared to be unlawful and void, and the state corporation commission shall have the power, after notice and hearing of the interested parties, to require any com-

mon carriers and all public utilities governed by the provisions of this act to establish and maintain just and reasonable joint rates wherever the same are reasonably necessary to be put in, in order to maintain reasonably sufficient and efficient service from such public utilities and common carriers."

**730**

(California Civil Code § 1668). In line with the reasoning of the Massachusetts court, we hold that insofar as plaintiffs are attempting to state a claim for an alleged breach of an express or implied contract to provide adequate telephone service, the tariff's limitation of liability is reasonable and controlling. Accordingly, in order for plaintiffs to recover for the alleged breach of contract, their claim must conform with the provisions of the tariff.

The plaintiffs' alternative claim of negligence requires a further statement of the facts as set forth in the pretrial order filed on February 2, 1973. The defendant's alleged negligence was as follows:

A. The plaintiffs' telephone number did not ring when persons dialed the plaintiffs' telephone number.

B. Persons dialing the plaintiffs' telephone number received a busy signal when in fact none of the plaintiffs' telephones were in use.

C. Persons calling the plaintiffs' telephone could hear the answering party faintly, however, the parties were not able to communicate.

D. The plaintiffs' equipment did not work in conjunction with the main body of telephone equipment and did not function as normal telephone equipment functions.

E. Other telephone calls were superimposed upon those of the plaintiffs.

F. A mechanical intercept would erroneously advise persons calling plaintiffs' telephone numbers that the numbers were no longer in service.

G. Defendant failed to properly maintain the equipment connecting plaintiffs' telephones with the central offices out of which plaintiffs' telephones were maintained, and defendant failed to maintain properly the telephone equipment installed by the defendant upon plaintiffs' premises. The exchanges involved are the Melrose, Finley, Jackson and Drexel exchanges.

H. Defendant failed to furnish a sufficient number of sufficiently-trained personnel to repair the equipment when it malfunctioned, both at plaintiffs' premises and in the central offices noted.

As we saw above, the general rule is that the tariff's limitations apply, but an exception is made where defendant's conduct has been willful and wanton. Even taking all of the plaintiffs' allegations of negligence as true, we hold that, as a matter of law, the plaintiffs have failed to show willful or wanton conduct, as defined by the courts. Warner v. Southwestern Bell Telephone Company, Mo., *supra;* Anderson v. White, 210 Kan. 18, 499 P.2d 1056 (1972). Hence, plaintiffs are precluded by the tariff from asserting their claim for negligence.

Defendant also moves for summary judgment because certain parts of plaintiffs' complaint are allegedly barred by the statute of limitations. The plaintiffs oppose the motion on the grounds of estoppel and the continuing nature of the alleged inadequate service. There appear to be questions of material fact here, and the motion is therefore denied at this time.

It is ordered that the defendant's motion for summary judgment be and is hereby sustained, except insofar as (1) plaintiffs' claim conforms with the applicable tariffs filed with the Kansas Corporation Commission and the Missouri Public Utilities Commission; and (2) the motion is based upon the ground that the action is barred by the statute of limitations. It is further ordered that this case be removed from the trial docket and that counsel be given ten days to attempt to resolve the remaining limited issues under the tariff.