No. 46,840

FLOYD WAYNE MONTGOMERY, II, a Minor, by LOUISE MONTGOMERY, His Mother and Natural Guardian, *Appellant,* v. PATRICK BARTON, a Minor, NATHANIEL S. BARTON and NANCY J. BARTON, *Appellees.*

(510 P. 2d 1187)

Opinion filed June 9, 1973.

*Otto J. Koerner,* of Koerner & Carnahan, of Wichita, argued the cause, and *G. E. Carnahan,* of the same firm, was with him on the brief for the appellant.

*Greer Gsell,* of Hershberger, Patterson & Jones, of Wichita, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

OWSLEY, J.: This action is based on injuries to plaintiff resulting from children playing with burning gasoline on the premises of the defendants. Nathaniel S. Barton, Nancy J. Barton, and their twelve-year-old son, Patrick, were charged with wanton and reckless negligence. The trial court sustained a motion for summary judgment in favor of Nathaniel S. Barton and Nancy J. Barton, and at the close of plaintiff's evidence sustained a motion for directed verdict in favor of Patrick Barton. Plaintiff appeals.

On March 20, 1969, eight-year-old plaintiff, Floyd Wayne Montgomery, was playing with twelve-year-old defendant, Patrick Barton, and several other boys in the Barton yard. No adult was on the premises. Both plaintiff and defendant testified the defendant obtained matches from the house and gasoline from the garage, and proceeded to burn a small plastic toy as the others watched. Pat poured gasoline on the ground and ignited it. He poured gasoline into an empty dog food can and ignited it. The other boys lighted sticks from the flaming can and waved them like sparklers. Pat then placed a deflated rubber or plastic ball, approximately the size of a soccer ball, on top of the can and the flames went out. Pat relit the gasoline in the can and again placed the ball on top.

The flames again went out. Pat relit the gasoline and placed the ball atop the can a third time. The other boys, including plaintiff, stood nearby and watched Pat's activity, Pat and plaintiff being closest and approximately equidistant from the flames.

Testimony and speculation by witnesses to the accident differ as to what actually caused the ensuing explosion, but all agree the ball ruptured causing burning gasoline to spray over Pat and Floyd, burning them both severely. Testimony of all witnesses was that Pat, though burned himself, caught plaintiff who was running in flames, and rolled him on the ground to extinguish them.

Plaintiff contends the courts, including this court, have erred in applying the standards of host-guest conduct set forth in K. S. A. 8-122b, the motor vehicle "guest statute," to property owners. He urges this court to follow the growing trend to drop the ancient and arbitrary categories of trespasser, licensee and invitee and their respective standards of care imposed upon the property owner. Plaintiff urges the adoption, instead, of a single standard of care owed by a host to all comers—that of simple negligence. Plaintiff contends the prevalence of homeowners' insurance against injury on the policy holder's premises indicates the willingness of property owners and others in possession to be bound for their acts of simple active or passive negligence and the requirement of finding the host willfully, intentionally or recklessly negligent should be abandoned in Kansas as a matter of public policy. Plaintiff urges this point of view, especially where the rights of children are concerned, as in this case.

Since plaintiff did not raise this issue at trial, it is improperly raised for the first time on appeal. Plaintiff, in his petition, assumed the obligation of proving wanton and reckless negligence and attempted to do so. He cannot now claim on appeal that he should have been permitted to prevail on proof of simple negligence. The status of plaintiff under the premises law we believe to be im-material as we consider the matter on appeal.

Plaintiff contends it was error to take the issue of the parents' negligence from the jury since plaintiff had presented facts upon which reasonable minds could differ. Plaintiff also contends the court failed to consider the evidence in the light most favorable to the plaintiff in sustaining the motion for dismissal.

We have accepted a definition of wanton conduct as being action indicating a realization of the imminence of danger and a reckless disregard and complete indifference and unconcern for the probable

consequences of the action. (*Anderson, Administrator v. White,* 210 Kan. 18, 499 P. 2d 1056.) Reckless is defined as an indifference whether wrong is done or not and is a stronger term than ordinary negligence. To be reckless, conduct must be such as to evince disregard of or indifference to consequences under circumstances involving danger to life or safety of others, although no harm was intended. (*Mathes v. Robinson,* 205 Kan. 402, 469 P. 2d 259.)

These definitions emphasize the necessity of knowledge of imminent danger. The record contains no evidence that Pat Barton's parents had any knowledge of his activities with gasoline and matches on the day of the accident; nor was there evidence to show they knew of such activities on any prior occasions. Their lack of knowledge may indicate a possible failure of parental duty, but cannot be elevated to wanton disregard for the safety of others or reckless negligence. At trial the only evidence signalling any opportunity for discovering such dangerous activity is in the testimony of Pat Barton:

"'Q. What did you do when you burned a plastic toy with the residue of the toy that wasn't completely gone?

"'A. Well, I think I put it over by the tree a while until it cooled and then I put it in the incinerator, the trash can. I just recall doing that once."

One of the other boys who witnessed the accident testified he had seen Pat Barton burn models out in his yard before and plaintiff testified he had been with Pat when he burned models previously. Considered in light most favorable to plaintiff, there is nothing in the record to show any knowledge on the part of Pat's parents of his activities to form the basis for a finding of wanton or reckless negligence. We find no merit in plaintiff's contention that the court erred in dismissing this suit against Nathaniel S. Barton and Nancy J. Barton.

Plaintiff alleges the court erred in ruling upon his objections to testimony regarding the relationship and comradeship between plaintiff and Pat Barton. We find no merit to this point on appeal since plaintiff on direct examination stated, "I looked upon the older boys as big brothers. I have no brothers or sisters of my own." On cross-examination plaintiff stated, "I particularly looked upon Pat as a big brother."

Plaintiff also claims the court erred in overruling his objections to testimony that defendant Pat Barton aided plaintiff by forcing

him to the ground and smothering the flames after the accident despite his own injuries.  Plaintiff testified on direct examination:

" 'A.  I caught on fire and I took out running.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

" 'A.  I remember somebody pushing me down or I tripped over something.
" 'Q.  And was the fire put out?
" 'A.  No, sir.

.   .   .   .   .   .   .   .   .   .   .   .   .

" 'Q.  What happened next?
" 'A.  Pat jumped on top of me.
" 'Q.  All right.  And then was the fire put out?
" 'A.  Yes."

Plaintiff objects that evidence from others, including defendant, about the relationship of the boys and the actions of defendant Pat Barton in aiding plaintiff is irrelevant and prejudical to plaintiff.  These objections have no merit since he testified to the same facts himself on direct examination.

Plaintiff complains he was restricted in his interrogation concerning defendant's knowledge, experience and training concerning gasoline, fires, matches and dangerous activities.  We have reviewed the record of the examination of both Nathaniel S. Barton and Pat Barton and conclude the plaintiff was not unduly restricted.  We find no merit in plaintiff's contention.

Plaintiff assigns as error the restriction of his interrogation upon facts leading up to the injury, but he cites no specific instances of such restriction.  We cannot review claimed error under these circumstances.

Plaintiff specifies as error the sustaining of defendant's motion for directed verdict in favor of Patrick Barton, claiming the evidence presented questions of fact upon which reasonable minds could differ; the court invaded the province of the jury; and the court failed to consider the evidence in light most favorable to the plaintiff.

It was necessary that plaintiff prove the act of igniting the gasoline in the can and placing the ball on top of the can was wanton and reckless negligence.  Plaintiff's counsel never inquired whether the defendant knew the ball might rupture and splatter flaming gasoline.  The defendant on cross-examination testified:

" 'Q.  When you held the ball over the fire, Patrick, did you have any idea it was going to explode?
" 'A.  No, sir.

" 'Q. Did anybody warn you that putting a ball on the fire would explode it?

" 'A. No, sir.

" 'Q. You had no idea that that would happen?

" 'A. No, sir.'"

There was no evidence offered which created a submissible issue of whether the defendant realized the imminence of danger. The injury directly resulted from an unexpected event. Before the issue of wanton and reckless negligence could have been submitted to the jury, some facts from which the jury could find the defendant had knowledge the explosion might occur must be presented. The trial court was correct in sustaining the motion for a directed verdict.

Affirmed.