THE MERCHANTS' DISPATCH AND TRANSPORTATION CO.

*v.*

M. L. MOORE.

1. CARRIER—*whether bound to carry to destination.* Although goods shipped at New York city are marked to the consignee at Bloomington, the presumption of a contract to carry them to the latter point from the acceptance of the same

so marked, may be contradicted and overcome by proof of an express contract to carry to Chicago only.

2. When a bill of lading, given on the acceptance of goods by a carrier, shows they are to be forwarded to a particular place only, which is short of their place of destination, and the consignor has been a frequent shipper by the same line, and was in the habit of receiving like bills of lading, it will be presumed he was familiar with its contents, and knew the carrier was not under obligation to carry the goods to the place to which they were marked, and if promptly carried to the place specified in the contract, and there safely stored, and they are burned without fault on the part of the carrier, no recovery can be had of him for the loss.

APPEAL from the Circuit Court of McLean county.

Mr. WILLIAM E. HUGHES, for the appellant.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

It is alleged in the declaration, that the plaintiff delivered to the defendant one case of goods or saddlery, of the value of $400, to be carried by the defendant from New York to Bloomington, and in consideration thereof, and the reward to be paid by the plaintiff, the defendant faithfully promised to take care of said goods and carry the same to Bloomington, and there deliver the same to the plaintiff. The breach is in the usual form.

The bill of lading, in evidence, acknowledges the receipt of the goods from the consignors in good order, in New York, addressed to the plaintiff at Bloomington, but contains this clause: " To be forwarded in like good order, (damages of navigation, collisions and fire, and loss occasioned by mob, riot, insurrection or rebellion, and all dangers incident to railroad transportation, excepted,) to *Chicago depot* only, he or they paying freight and charges for the same as below."

H. W. Coon testifies, that he was the agent of the defendant at New York, at the time the goods in controversy were shipped; that the only contract for the transportation of the goods was that contained in the bill of lading; that he gave the consignors the bill of lading upon the receipt of the goods; that

the consignors were frequent shippers of goods by defendant's line, and generally took similar bills of lading; that he had no conversation whatever with any one shipping the goods, and did not then, or at any other time, agree that the goods should be transported to any other place than Chicago, and that he had no authority to make such an agreement. This evidence does not appear to be contradicted. Accepting this as true, as we must, the presumption that would otherwise have existed of a contract to carry to Bloomington, from the acceptance of the goods for transportation marked to that point, is overcome by the evidence of an express contract to carry to the Chicago depot only. We must presume, from the fact that the consignors were frequent shippers by this line, and in the habit of receiving like bills of lading, that they were familiar with its contents, and hence, when they accepted it, knew that it obligated the defendant only to ship to the Chicago depot.

It is shown the goods were promptly shipped to the Chicago depot, and there, late in the evening, taken from the car in which they were shipped, and placed in the defendant's warehouse, a safe and secure place of storage, and on the following morning they were destroyed by the memorable fire in that city of October the 9th, 1871.

There can, therefore, be no recovery against the defendant, as carrier. *Merchants' Dispatch Trans. Co.* v. *Hallock,* 64 Ill. 284; *Illinois Central R. R. Co.* v. *Friend,* id. 303; *Cahn et al.* v. *Michigan Central R. R. Co.* 71 id. 96.

In the view we have taken of the evidence, the judgment must be reversed and the cause remanded.

*Judgment reversed.*