## Western Union Telegraph Company v. C. W. Beck.

1. TELEGRAPH COMPANIES—*Claims for Delay in Delivering Messages.* —A regulation requiring the sender of a message to present his claim for damages in writing promptly to the company is not an unreasonable one. Considering the character of its business, such regulation would be necessary for its own protection and to enable it seasonably to ascertain the facts in the case, and to secure or preserve the proper evidence.

2. SAME—*Presentation of Claims for Damages.*—The court holds that certain correspondence stated in the opinion does not constitute a suffi-

cient notice of a claim for damages against a telegraph company for a failure to deliver a message.

**Trespass on the Case.**—Negligence in the delivery of a telegraph message. Appeal from the Circuit Court of Cook County; the Hon. Abner Smith, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded. Opinion filed May 16, 1895.

Williams, Holt & Wheeler, attorneys for appellant.

J. W. Cochran, attorney for appellee.

Mr. Justice Gary delivered the opinion of the Court.

The argument of the appellant seems to concede that the appellant was negligent in the delivery of a message sent at 5:45 P. M., December 7, 1893, as follows :

"Chicago, December 7, 1893.
To Herman Welk, Attorney, Lemont, Ill.:

Have all witnesses here to-morrow at 10 A. M. Lewandowski case first one, and none other on trial. Answer to 1393 Harvard street, at once.

C. W. Beck."

The message was upon a blank of the appellant at the head of which was printed :

"Send the following message subject to the terms }
on back hereof, which are hereby agreed to." }

And on the back :

"All messages taken by this company are subject to the following terms :

The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission."

The appellee testified that he had been in the habit of sending telegrams by the appellant, and was familiar with the blanks used. It is unnecessary for the purposes of this case to set out the testimony as to how the appellee suffered loss by the neglect of the appellant.

It is not denied by the appellee that the cases Wolf v.

Western Union, 62 Pa. St. 83, and Cole v. Western Union, 33 Minn. 227, holding that the provision for notice is reasonable, are good law.   He insists that he complied with it by the following correspondence, all the letters to the appellant being on letter heads like this one:

"People's Casualty Claim Adjustment Company, Suite 77, 175 Dearborn Street, Telephone Main 631.

Thos. W. Sprague,
Pres. & Treasurer.
C. W. Beck, Manager.
F. W. C. Mayes, Counsel.
W. H. Ballard, M. D.,
Medical Examiner."

"CHICAGO, December 9th, 1893.
Mr. F. A. Tubbs, Supt. Western Union Tel. Co., City.

DEAR SIR:   On the 7th of December, 1893, at about 5:45 P. M., I sent a message to Herman Welk, at Lemont, Ill., writing the same on one of your full rate blanks, and paying sixty-one cents to the cashier for the same.   The message was to the effect that Mr. Welk bring to the city all the witnesses in an important law suit.   The importance of it was readily seen on reading the same, nevertheless the message was not delivered to Mr. Welk that night, nor until late the next day.   The consequence was that the case was called, and we were put to a great deal of expense and trouble and annoyance, and the case had to go over until next week, all on account of the neglect of your company.

The object of this letter is to inform you that we expect your company to pay us whatever the actual loss is on account of the delay of this message.   Had it not been for the fortunate fact that the other side was not quite ready and did not push us very much your company would probably have had a great deal more to pay.

Please advise me as soon as possible what you will do in the premises to make good to us the loss sustained.

Yours truly,
PEOPLE'S CASUALTY CLAIM ADJUSTMENT CO.,
Per C. W. Beck, Manager."

" Chicago, December 15th, 1893.

Mr. F. A. Tubbs, Supt. Western Union Telegraph Co.,
City.

Dear Sir: Enclosed please find affidavit of Herman
Welk, the receiver of the message about which I wrote you
several days ago.

Please let us have a conclusion to this matter as promptly
as possible.   Yours truly,

People's Casualty Claim Adjustment Co.,

Per C. W. Beck, Manager."

" Chicago, January 15th, 1894.

Mr. F. A. Tubbs, Gen. Supt. W. U. T. Co., City.

Dear Sir: On December 9th, I wrote you in relation to
the delay of a message which I sent to Herman Welk, at
Lemont, Illinois, to bring some witnesses to this city in the
Lewandowski case, which was to be tried the day follow-
ing, which delay cost us a good deal of money and annoy-
ance.   You replied that you would investigate the matter
and advise us.   As yet we have heard nothing from you.
We place our claim at $150, actual loss, money paid at-
torneys for their attendance in court and other expenses to
which we were subjected, and we received no benefit from
them on account of the delay of this message.   Please let
me hear from you at once.   Yours truly,

People's Casualty Claim Adjustment Co.,

Per C. W. Beck, Manager."

" Chicago, January 16th, 1894.

Mr. C. W. Beck, Manager, 125 Dearborn St., City.

Dear Sir: Your letter of yesterday is received and con-
tents noted.   I regret that the matter is still under investi-
gation.   As soon as a result is obtained you will hear from
me.

Yours respectfully,

J. H. Scott, Supt."

The appellee never presented any other claim in writing,
and testified that he thought the appellant would settle
sooner by signing his letters with the name of the Casualty
Company.

Now it can hardly be contended that if Smith has a claim, letters from Jones stating that he has a claim would avail Smith.

Suppose these letters from the Casualty Company had been signed with the name of any other officer of the company they would have been of the same effect as now. In either case such letters are the act of the company, presenting a claim of the company, and of nobody else.

This question was left to the jury, and they naturally found a verdict against the company, contrary to the undisputed fact.

The court probably, if asked, would have decided the question rightly. The appellee did not intend to present a claim on his own behalf to the appellant, in fact, intended that it should understand that he had no claim.

The letter of December 9th relates his personal acts, and makes very clear what he personally did, and what the company claim in consequence; draws the distinction between "I" and "we" or "us" without ambiguity.

The judgment is reversed and the cause remanded.