### JOHN B. SWAIN V. WESTERN UNION TELEGRAPH CO.

#### No. 1013.

**Telegraph Company—Notice of Claim for Damages—Mental Anguish.**

Notice to a telegraph company of a claim for damages resulting from the non-delivery of a message ordering medical aid for plaintiff's wife, the notice being for damages sustained by the wife only, and made within the sixty days stipulated for in the contract with the company, will not, after the dismissal of an action brought by the husband and wife for such damages, support another action brought by the husband after the wife's death, and after the expiration of such stipulated time, for mental distress and consequent impairment of health suffered by himself.

APPEAL from Grimes. Tried below before Hon. J. M. SMITHER.

*Preston & Spencer,* for plaintiff in error.—1. The pleadings in the case on behalf of the plaintiff in error show that the second suit was based upon the same cause of action as that contained in the original suit No. 3320, Jno. B. Simon and wife v. The Western Union Tel. Co., as dismissed in the United States Circuit Court by reason of the failure to comply with its rule for costs. No new demand in writing for damages was necessary in order to entitle the plaintiff to maintain this suit.

2. A party may demand in writing damages of a telegraph company in a certain sum of money for the non-delivery of a telegram, and afterwards sue for a larger or less sum, provided the suit is based upon and the claim arose out of the same transaction; and further, the plaintiff in such suit may amend, so as to reduce the amount of his original demand from that originally claimed to a less amount without further notice to the defendant. Tel. Co. v. Morris, 77 Texas, 173.

*Walton & Hill,* and *Geo. H. Fearons* for appellee.

GARRETT, CHIEF JUSTICE.—The appellant, joined by his wife, instituted a suit in the District Court of Grimes County on the 10th day of May, 1892, for the failure of the telegraph company to transmit and deliver the following telegram:

"Italy, 3-27, 1892.

"To Dr. Jameson, Navasota, Texas:

"Give mother medical attention. Send word if needed.

"(Signed) M. J. Barker."

By the contract to send the message, notice of claim for damages was required to be given to the appellee within sixty days, and the suit was based upon a notice given within the required time. The petition alleged that on March 27, 1892, M. J. Barker, the daughter of John B. Swain and his wife, —— Swain, had delivered the telegram to be sent, etc., and that by reason of the failure to deliver the message, Mrs. Swain was without medical attention for about three weeks, by reason of which "the disease with which she was attacked made such progress and inroads upon her physical system and constitution that it is now incurable and resulting in permanent injury to her," for which they claimed damages to the amount of ten thousand dollars.

The cause was afterwards removed to the Federal Court at Galveston, and there dismissed because of the failure of the plaintiffs to comply with a rule requiring them to deposit $25 for costs. After the filing of the suit, and sometime during 1892, Mrs. Swain died.

Appellant brought this suit on March 21, 1893, and pleaded as a basis therefor the notice of damages as above stated. He claimed as damages to himself, "great and excruciating mental suffering to that extent that his own health became injured and impaired" on account of his wife's illness and his failure to procure medicines and the services of Dr. Jameson for her and her great suffering. Appellee pleaded in abatement that the appellant had not given notice of his claim for damages, and also demurred to the petition. Upon a trial of the plea in abatement, the suit was dismissed.

Whether the plea should have been in abatement or in bar can make no material difference upon this appeal. The notice for damages given was for damages sustained by the wife, notwithstanding the fact that the appellant may have maintained a suit therefor in his own name. In this suit, the damages claimed are personal to the appellant, and are those sustained by him. There was no claim for such damages in the notice that was given, and the court was right in so holding.

Furthermore, the appellant does not show any cause of action. Telephone Co. v. Linn, 87 Texas, 7.

The judgment of the court below will be affirmed.

*Affirmed.*

Delivered February 13, 1896.