## Philo N. Baxter v. Louisville New Albany & Chicago Ry. Co.

1. COMMON CARRIERS—*Condition Limiting the Right of Recovery.*— A carrier of live stock may lawfully insert in its receipt given to shippers, as a condition precedent to the right of recovery of damages for loss or injury to such stock, that notice shall be given to some of its officers, or to its nearest station agent, of such injury or loss before the stock is removed from the place of delivery or destination, or mingled with other stock.

Trespass on the Case, injury to live stock by common carrier. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1896, Affirmed. Opinion filed April 27, 1896.

BULKLEY, GRAY & MORE, attorneys for appellant.

The rule is that a carrier in the exercise of the right of routing, must use such care as an ordinarily prudent person would under the same circumstances, and must select the most usual, safe, direct and expeditious route. Failing in this he will be held liable for loss. Wells, Fargo & Co. v. Fuller, 23 S. W. Rep. 412; Merchants Dispatch Trans. Co. v. Kahn, 76 Ill. 520.

Shippers and owners of goods have a right to control the route of shipment, and if not followed and damages result, the carrier is liable. M. S. N. & Ind. Ry. Co. v. Day, 20 Ill. 375.

In construing contracts limiting the liability of common carriers, the provisions of the contract are not to be construed literally in favor of the carrier. Cream City Ry. Co. v. C. M. & St. P. Ry. Co., 23 N. W. Rep. 425.

In trespass for negligence in  carrying mules it is proper to permit witnesses who for years had shipped mules and knew their habits, and saw those in suit when unloaded, to give their ,opinion as to the cause of the injury the mules sustained while in the car.   Schaeffer v. Phila., etc., Ry. Co., 31 Atl. 1088.

Without an agreement to that effect, a railroad company is not bound to carry goods beyond its own lines, but if it does so agree, its common law liability extends to the place of destination.  Wabash Ry. Co. v. Harris, 55 Ill. App. 159.

It is a question for the jury to determine whether the terms of a receipt or bill of lading limiting the liability to the carrier's own line was fairly made, understood, and assented to by the consignor.  Ill. Cen. Ry. Co. v. Frankenberg, 54 Ill. 88; Fields v. C. & R. I. Ry. Co., 71 Ill. 458.

It does not necessarily follow because the shipper accepted a receipt for the goods to be carried, containing limitations of the carrier's liability, that he assents thereto. Anchor Line v. Dater, 68 Ill. 369.

A common law carrier can  not, even by express contract, exempt itself from liability resulting from gross negligence or from willful misconduct committed by itself, its servants or emyloyes, nor can it limit its liability in amount as against damage resulting from such negligence.  C. & N. W. Ry. Co. v. Chapman, 133 Ill. 96; Abrams v. Milwaukee etc., Ry. Co., 9 Am. Ry. & Corp. Rep. 354.

A contract by a common carrier limiting its liability for damages occasioned by its negligence is governed by the *lex loci contractus.*  Fairchild v. Phila. W. B. R. R. Co., 14 Pa. St. 537; 24 Atl. Rep. 79; Patten v. Majestic, 9 C. C. A. 161; 50 Fed. Rep. 624; Wufferman v. Carib Prince, 63 Fed. Rep. 265.

Geo. W. Kretzinger, attorney for appellee, contended that a common carrier may lawfully limit and restrict its common law liability.

In Railway Company v. Morrison, 19 Ill. 135, Mr. Justice Breese said that common carriers had a right to restrict

their liability as common carriers by such contracts as may be agreed upon specially.

The same question was involved and the right upheld in Black v. Railway Co., 111 Ill. 351; Railway Co. v. Chapman, 133 Ill. 96; Black v. Railway Co., 11 Brad. 465; see also Railway Co. v. Bennett, 6 A. & E. R. R. Cases 391; Snow v. Railway Co., 18 Am. & Eng. R. R. Cases, 161; 51 N. Y. 562; Hewitt v. Railway Company, 18 A. & E. R. R. Cases, 568; Milligan v. Railroad Co., 36 Iowa 181; Railway Company v. Cleary, 16 A. & E. Ry. Cases, 122; 77 Mo. 634; Hall Executor v. Pa. Company, 16 A. & E. Ry. Cases, 165; 90 Ind. 459; Black v. Railway Company, 111 Ill. 351; Lewis v. Great Western Railway Co., 5 Hurlstone & Norman, 867; Rice v. K. P. Ry. Co., 63 Mo. 314; Wolff v. Western Union Tel. Co., 62 Pa. 83; Yorn v. Central Ry. Co., 3 Wall. 107; Express Co. v. Caldwell, 21 Wall. 264; Goggin v. Railway, 12 Kans. 416; Bankford v. Railway Co., 34 Md. 197; Arnold v. Railway, 83 Ill. 273; Oxley v. St. Louis Ry. Co., 65 Mo. 629; Dawson v. St. Louis Ry. Co., 76 Mo. 514; Texas Ry. Co. v. Morris, 16 Am. & Eng. R. Ry. Cases, 259; Packard v. Van Schoick, 58 Ill., p. 82; Goggin v. Railway Company, 12 Kan. 418; Worsley v. Wood, 6 Term R. 710; Morgan v. Birnie, 9 Bing. 672; Smith v. Briggs, 3 Denio 73; United States v. Robeson, 9 Peters 319; Railway Co. v. Morris, 16 A. & E. R. R. Cases, 259.

The doctrine is settled in this court, that railroad companies, may by contract, exempt themselves from liability on account of the negligence of their servants, other than that which is gross or willful. Railway Co. v. Morrison, 19 Ill. 136; Railway Co. v. Read, 37 Ill. 484; Railroad Co. v. Adams, 42 Ill. 474; Adams Express Co. v. Haynes, 42 Ill. 89; Erie Company v. Wilcox, 84 Ill. 239; Merchants Dispatch Co. v. Bolles, 80 Ill. 473; Arnold v. Ry. Co., 83 Ill. 273.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant sues the appellee for damages alleged to

three cars of live stock shipped by him over the road of the appellee from Chicago, consigned to Richmond, Va.

His declaration alleges that the contract for carriage was contained in " three separate receipts in writing" executed by both parties, of the contents of which a portion is in effect set out in the declaration.    Portions of each not so set out are as follows:

" And it is further distinctly understood by the parties hereto, that all liability of said Louisville, New Albany and Chicago Railway Company as carriers shall cease at Louisville, Ky., when ready to be delivered to the owner, consignee or carrier whose line may constitute a part of the route to destination.

" And for the considerations before mentioned, the said party of the second part further agrees that as a condition precedent to his right to recover any damages for loss and injury to said stock, he will give notice in writing of his claim therefor to some officer of said party of the first part, or its nearest station agent, before said stock is removed from the place of destination above mentioned, or from the place of delivery of the same, to said party of the second part, and before such stock is mingled with other stock."

The damages claimed are mostly for what happened after leaving Louisville over other roads, but as the court directed the jury to find for the appellee, solely because no notice was given pursuant to the last above extract—in doing which we think the court did not err—we will only consider that feature of the case.

The condition requiring notice is as easy to be complied with as any that could be framed and be of any avail.

" Notice in writing of his claim thereof;" not necessary that appellant should personally sign the notice—his agent could do it; not necessary to give any detail of the injury claimed, merely that he claimed injury; and directed generally to the appellee by its corporate name, and mailed for Louisville, New Albany or Chicago, it is hardly possible that it would not have come to an officer—so nearly impossible that it would be a question for a jury, with no doubt of the answer.

In Black v. Wabash, St. Louis & Pacific R. R., 111 Ill. 351, the court, in considering a much more onerous condition, has refuted every argument of the appellant here.

There the claim was to be verified by affidavit, which might not unreasonably be held to imply that particulars must be stated, and it was to be " delivered to the general freight agent," " at his office in the city of St. Louis, within five days from the time" the stock was removed from the cars. Here it was only necessary that the time of notice should be such as to enable the appellee to investigate the claim at the place of destination, and while the stock continued segregated from other stock. The place of destination means, not the yards of the appellee, where the stock could not remain, but some convenient place at Richmond, where they would not be mingled with other stock.

We need not look for other authority.

The opinion of the Supreme Court—to be our guide— needs not to be fortified. We have acted upon the same principle in Western Union Tel. Co. v. Beck, 58 Ill. App. 564. No question of fact as to what the contract was arises in this case, as in the case before the Supreme Court; the appellant here declares upon it.

The judgment is affirmed.