64  331
169s 610

# William E. Webbe v. Western Union Telegraph Company.

1. TELEGRAPH COMPANIES — *Limitations on the Time to Present Claims.*—A condition printed upon a telegraph message, that the company will not hold itself liable for errors or delays in the transmissions or delivery of unrepeated messages in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission, is a condition precedent to the recovery of damages in such cases.

2. SAME—*Ignorance of Conditions Printed on Messages.*—Ignorance of the conditions printed upon a telegraph message does not relieve the sender of the message. Where such sender is aware of the existence of such conditions his neglect to inform himself of their requirements does not free him, in law, from a knowledge thereof.

**Trespass on the Case.**—Mistake in a telegram. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed May 14, 1896.

PAGE & BOOTH, attorneys for appellant, contended that the right of the receiver of a telegram which has been negligently altered by the telegraph company, to sue the company for damages sustained through acting upon the telegram, is settled beyond controversy. Gray, Communication by Telegraph, p. 131, Sec. 74; De la Grange v. S. W. Telegraph Co., 25 La. Ann. 383; N. Y. & Wash. Print. Tel. Co. v. Dryburg, 35 Pa. St. 298; Western Union Tel. Co. v. Hope, 11 Brad. 291; Same v. Dubois, 128 Ill. 248–254.

The sender of a telegram is not bound to the receiver by the terms of the message where it has been negligently altered by the telegraph company. Gray, Com. by Tel. 186, Secs. 105, 106; Pepper v. Western Union Tel. Co., 87 Tenn. 554; Pegram v. Same, 100 N. C. 28; Shingleur v. Same, 18 So. Rep. 425; Harrison v. Same, 10 Am. & Eng. Cor. Cas. 600.

That the sender of such telegram was not bound by its altered terms, though not expressly decided, was necessarily

involved in the decision of the court in the following cases: Western Un. Tel. Co. v. Dubois, 128 Ill. 248; Harris v. Western Union Tel. Co., 9 Phila. 88; N. Y. & Wash. Print. Tel. Co. v. Dryburg, 35 Pa. St. 298; Western Union Tel. Co. v. Richman, 8 Atl. Rep. 171.

Printed conditions upon a telegraph blank do not bind the party who uses such blank, unless it be shown by evidence *aliunde* that he knew and assented to such conditions. Tyler v. Western Un. Tel. Co., 60 Ill. 421; Western Union Tel. Co. v. Fairbanks, 15 Brad. 600.

So it has been repeatedly held with reference to the sixty-day limitation for presenting claims against the telegraph company. Western Union Tel. Co. v. Fairbanks, *supra;* Same v. De Golyer, 27 Ill. App. 489; Same v. Lycan, 60 Ill. App. 124.

The question whether the plaintiff knew of the sixty-day limitation and assented thereto, is not a conclusion of law, but is a fact to be submitted to and determined by the jury upon a consideration of all the surrounding circumstances. Field v. Chicago & R. I. R. R. Co., 71 Ill. 462; Western Un. Tel. Co. v. Fairbanks, *supra;* Boscowitz v. Adams Express Co., 93 Ill. 532.

The suit at bar is an action on the case by the sendee of a telegram claiming damages because of the tort of the telegraph company in delivering to him an erroneous message, upon which he has acted to his injury. The telegraph company can not limit the right of the receiver of a message, who sues in tort, by any stipulations contained upon the printed blank upon which the message delivered to him is written. Gray, Com. by Tel., 137, Sec. 75; West. Un. Tel. Co. v. Fenton, 52 Ind. 1; Same v. McKibben, 114 Ind. 511; Harris v. Westn. Un. Tel. Co., 9 Phila. 88; West. Un. Tel. Co. v. Richman, 8 Atl. 171; De la Grange v. S. W. Tel. Co., 25 La. Ann. 383.

WILLIAMS, HOLT & WHEELER, attorneys for appellee.

A provision that claims will not be recognized unless made within a specified reasonable time, is reasonable and

valid. It is not an attempt to discharge the company of the duties annexed by law to its employment, but is simply a regulation designed to secure good faith and fair dealing between the company and its patrons. As such it is peculiarly applicable to the nature of the telegraph business. W. U. T. Co. v. Fairbanks, 15 Ill. App. 603; W. U. T. Co. v. Beck, 58 Ill. App. 564; Wolf v. W. U. T. Co., 62 Pa. St. 83; Lewis v. Great Western Ry. Co., 5 H. & N. 867; Southern Express Co. v. Caldwell, 21 Wall. 264; Young v. W. U. T. Co., 34 N. Y. Superior Court, 390; 65 N. Y. 163; Gray on Com. by Telegraph, p. 62; Sherrill v. W. U. T. Co., 109 N. C. 527; Croswell on Law of Electricity, Secs. 538, 540; U. S. Express Co. v. Harris, 51 Ind. 127; Heiman v. W. U. T. Co., 57 Wis. 562.

Such a requirement is binding not only as a contract to which assent must be shown, but as a rule or regulation affecting all persons chargeable with knowledge of its existence, without assent. Oppenheimer v. U. S. Express Co., 69 Ill. 62; Western Trans. Co. v. Newhall, 24 Ill. 469; Boscowitz v. Adams Express Co., 93 Ill. 523; Breese v. U. S. Tel. Co., 48 N. Y. 132; Becker v. W. U. T. Co., 11 Neb. 87; Schwartz v. A. & P. Tel. Co., 18 Hun 157; Express Co. v. Caldwell, 21 Wall. 264; Ellis v. Am. Tel. Co., 13 Allen 226; Croswell, Law of Electricity, Secs. 493, 495.

In this aspect it is clearly binding upon the receiver, as well as upon the sender of the message, and in tort as well as in contract. The question is not one of assent, express or implied, but of simple notice. Croswell, Law of Electr., Sec. 500; Ellis v. Am. Tel. Co., 13 Allen 226; Manier v. W. U. T. Co. (Tenn.), 29 S. W. Rep. 732; Findlay v. W. U. T. Co., 64 Fed. Rep. 459.

One who has for years used the telegraph company's blanks, on which this regulation is conspicuously printed, is chargeable with notice of its existence; especially when by his own testimony he is shown to have known that the printed matter contained certain conditions intended to regulate the transaction of the company's business and the presentation of claims. In such case he can not avoid the

effect of the rule by the simple statement that he never read it. Oppenheimer v. U. S. Express Co., 69 Ill. 62; Birney v. N. Y. & Wash. P. T. Co., 18 Md. 341; Kiley v. W. U. T. Co., 109 N. Y. 236; W. U. T. Co. v. Buchanan, 35 Ind. 439; Becker v. W. U. T. Co., 11 Neb. 87; Womack v. W. U. T. Co., 58 Tex. 176; W. U. T. Co. v. Carew, 15 Mich. 536; Field v. C. & R. I. R. R. Co., 71 Ill. 458; M. D. & T. Co. v. Moore, 88 Ill. 136.

This reasonable regulation, binding the receiver of the message by mere notice, was not complied with by a written claim presented in the name of a different person. W. U. T. Co. v. Beck, 58 Ill. App. 564.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The one question of general interest on this record being decided in favor of the appellee, makes the consideration of any other unnecessary.

We assume that the appellant, acting upon a message containing a mistake made by the appellee, has sustained damage, and that for such damage he had a right of action against the appellee. The mistake was in substituting "fifty" for "five" in the message, which was as follows:
"Form No. 168.

THE WESTERN UNION TELEGRAPH COMPANY.
(Incorporated).

21,000 offices in America.    Cable service to all the world.

This company transmits and delivers messages only on conditions limiting its liability, which have been assented to by the sender of the following message.

Errors can be guarded against only by repeating a message back to the sending station for comparison, and the company will not hold itself liable for error or delays in transmission or delivery of unrepeated messages, beyond the amount of tolls paid thereon, nor in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission.

This is an unrepeated message, and is delivered by request of the sender, under the conditions named above.

Thos. T. Eckert, President and General Manager.

| Number | Sent by | Rec'd by | Check |
|---|---|---|---|
| N 40 | H | V K. | 8 paid |

· Received at 10:13.                              Jan. 16, 1893
Dated Montgomery, Ala., 16.
To Wm. E. Webbe & Co., Chicago.
    Buy fifty May wheat, limit loss two cents.

I. H. & J. C. Haas.

Received by W. E. W."

For sixteen years the appellant had been trading on the Chicago Board of Trade, doing a great deal of business with and for persons out of Chicago, and the greater part of the necessary correspondence was by telegraph, under his personal attention.   He knew that on the printed blanks were conditions but had never read them, nor heard them talked about.   We must assume that, in fact, he was ignorant of the terms of the conditions, but being aware that there were conditions, his neglect to inform himself of the contents of the instruments which he had used for sixteen years, does not free him, in law, from a knowledge of such contents. Constructive notice, in cases to which it is applicable, is as effectual as actual notice.   Oppenheimer v. U. S. Express Co., 69 Ill. 62; Field v. C. & R. I. R. R., 71 Ill. 458; Merchants D. & T. Co., 88 Ill. 136.

The appellant did not present to the appellee any claim " in writing within sixty days," as was required by the conditions.

This was fatal to his cause.   We adopt the decision in Manier v. Western Union, 29 S. W. Rep. 732, 94 Tenn. 442, upon this point.

If the law applicable to the case be doubtful, it is better that a case furnishing an opportunity to settle so many questions, should go at once to the final tribunal.

The judgment, holding the appellee barred by neglect to give notice, is affirmed.