SYE FORNEY v. POSTAL TELEGRAPH-CABLE COMPANY.

(Filed 4 May, 1910.)

### Telegraphs—Written Claim—Rights of Third Persons.

A written claim filed with a telegraph company in behalf of the sendee of a message only, is not sufficient in an action brought in behalf of Sye, the message reading, "J. is dead. Tell Sye. Can you come at once? Answer." Nor is this affected by an agreement between the sendee and Sye that the former would communicate the information to the latter, which was unknown to the company.

APPEAL from *Webb, J.,* at October Term, 1909, of CABARRUS. The facts are stated in the case of Dan Forney against the same defendant, next above.

*Jerome, Maness & Sykes* for plaintiff.
*Montgomery & Crowell* for defendant.

WALKER, J. The facts in this case sufficiently appear in the opinion of the Court, *ante,* 494, in the case of Dan Forney against the same defendant. The question presented in this case is whether the letter sent to the defendant by the attorneys of Dan Forney was a sufficient notice of claim by Sye Forney, the plaintiff in this suit. The plaintiff alleges that he had an agreement with Dan Forney, to the effect that he would arrange with Govan Reeves in regard to sending a telegram concerning Jerry, who is named in the message which was actually sent to Dan Forney by Reeves, and that Dan Forney agreed to notify

him when the message was received; that he got to Concord on Tuesday after the message was sent, and Dan told him that he had filed a claim for him, as well as himself. The plaintiff introduced testimony to sustain this allegation.

We think the question, whether the plaintiff duly notified the defendant of his claim, must be determined, not by any secret agreement between him and Dan Forney, but by the terms of the letter which was addressed by the attorneys of Dan Forney to the defendant. The company had no knowledge of any agreement between Dan Forney and Sye Forney, and its liability to the plaintiff must be determined by the sufficiency of the letter as a notice of claim by him. We do not think it was sufficient for that purpose. It purports to be a notice of claim filed in behalf of Dan Forney alone, for the sum of $2,000, and there is no mention of any claim by Sye Forney, the plaintiff in this case, and no special demand for damages sustained by him. Any one reading the message would at once conclude that it was intended as a notice of claim for the amount specified in the message, by Dan Forney alone. The two letters written by the defendant, one on 13 December, 1907, and the other on 21 January, 1908, in respect to the letter of Dan Forney's attorneys, plainly show that the company placed this construction upon the letter and considered it as a demand for damages by Dan Forney alone. We have not overlooked the fact that at the time the letter was mailed by the attorneys to the defendant Sye Forney could not have suffered any mental anguish, and, therefore, could not have had any claim for damages, as he did not then know of the death of Jerry, which is mentioned in the message, nor did he know of any delay by the company in delivering the message. It does not appear that Dan had any authority to give the company any notice of Sye Forney's claim for damages, as his agent. He had merely been requested to notify Sye Forney that the message was received from Govan Reeves. The ruling of the court was, therefore, correct.

No error.