W. E. BROCKELSBY, Appellant, v. WESTERN UNION TELEGRAPH Co., Appellee.

Telegraphs: DELAY IN DELIVERY: DAMAGES: NOTICE. In this action for damages for negligent delay in the delivery of a telegram it is held that a letter written by plaintiff's employer notifying the telegraph company of the delay, and reciting that plaintiff's employer demanded damages in settlement of the claim, did not constitute a notice of any claim by plaintiff, as required by the statute, and was insufficient to sustain an action by him.

**Same: JOINT CAUSE OF ACTION.** Although a telegraph company may be liable to either or both the sender and sendee for delay in delivering a message it does not follow that they have a joint cause of action.

**Same: NOTICE OF CLAIM.** Although the filing of a petition in an action alleging damages for negligent delay in the delivery of a telegram and the personal service of an original notice may be sufficient notice to the telegraph company of the claim, as required by the statute, still the filing of the petition and service of the notice must be within sixty days from the time the cause of action accrued to be available as a statutory notice.

*Appeal from Marshall District Court.*—HON. C. B. BRAD-SHAW, Judge.

SATURDAY, JULY 9, 1910.

ACTION for damages for negligent delay in the delivery of a telegraphic message. There was a demurrer to the petition which was sustained. On the plaintiff's election to stand on his petition, judgment was entered dismissing the same and for costs. Plaintiff appeals.—*Affirmed.*

*Boardman & Lawrence,* for appellant.

*Carney & Carney,* for appellee.

EVANS, J.—It appears from the averments of the petition that on March 18, 1908, the plaintiff was a traveling salesman in the employ of Sinclair Tea & Coffee Company of Marshalltown. On said day he was arrested in the town of Audubon for the alleged violation of an ordinance in that he was selling goods in such town as a transient merchant without first obtaining a license. On trial he was convicted. Whether any punishment was imposed does not appear from the petition, but we so infer from the argument. The appeal bond was fixed at $50. The plaintiff advised his employer of his conviction, and the employer

proceeded to procure the $50 appeal bond in accord with plaintiff's request. The Sinclair Company at Marshalltown procured P. S. Balch, an officer of the First National Bank of Marshalltown, to make a telegraphic request of the First National Bank of Audubon to provide such appeal bond upon the guaranty of the said Balch. Such telegram was as follows: "Marshalltown, Iowa, March 18, 1908. First National Bank, Audubon, Iowa: Provide appeal bond Brockelsby in mayor's court $50.00. Will guarantee you. Letter follows. P. S. Balch." This message was delivered at the defendant's office at Marshalltown at 4:40 p. m.; but was not delivered at Audubon until 7:25 the following morning. It is averred in the petition that on account of such negligent delay plaintiff was placed in jail and compelled to remain overnight, and suffered great mental and bodily pain and anguish because thereof.

The principal point made by the demurrer and argued here is that it does not appear from the petition that the plaintiff presented· his claim in writing within sixty days from the time his cause of action accrued, as required by section 2164 of the Code. The petition does show that on April 20, 1908, the Sinclair Company wrote to the defendant the following letter: "April 20, 1908. Western Union Telegraph Co., City—Gentlemen: On March 18th, at 4:40 p. m. we delivered message at your office to be sent to Audubon, which message called for the providing of bonds for one named Brockelsby, who was under arrest and who was being held until the bonds arrived. For some unknown reason, this message did not reach Audubon until 7:25 the following morning and on account of this delay, Brockelsby was placed in a dirty jail and left there over night without any fuel. There has certainly been some gross carelessness on the part of some one. It was an outrage for a man to be placed in a place of this kind when the bonds were all provided for, but delayed on account of

*1. TELEGRAPHS: delay in delivery: damages: notice.*

transmitting the message. A letter would have reached Audubon as soon as this message did. We therefore ask damages from your company for this delay to the extent of $500, and demand settlement of same. Yours very truly, Sinclair Tea & Coffee Co."

It is urged by plaintiff that this letter was a sufficient compliance with section 2164. If such letter had been written by the plaintiff or had purported to be written in his behalf, the claim of plaintiff in this respect might be conceded. But such is not the case. There is not a suggestion in the letter that the writer is acting for or on behalf of Brockelsby. The Sinclair Company makes the demand for itself as alleged sender of the message. It is argued, however, by the plaintiff that the statute only requires that written notice be given to the company within sixty days, and that this letter constituted such written notice, and that it is immaterial by whom such notice was given. What the statute does require in terms is that a "claim therefor" (the damages) shall be "presented in writing to such company within sixty days from time cause of action accrues." It will be noted that the plaintiff was neither sender nor sendee of the message and the same is to be said of his employer, the Sinclair Company. The case, however, has been argued at this point as though the Sinclair Company was the sender and the plaintiff was the sendee, and we will consider the argument from that point of view.

Granting that the telegraph company may in a given case be liable to either sender or sendee of the message or to both, it does not follow that sender and sendee have a joint cause of action as argued by the plaintiff. The company may be liable to each or to one only; and if liable to each, its liability to each is measured by the amount of damages sustained by each.

2. SAME: joint cause of action.

Granting again that the relation of sender and sendee

to the subject of the message may be such as to give rise to a joint cause of action for damages for negligent delay, yet nothing of that kind is disclosed by the petition in this case. The cause of action sued on is one arising, if at all, to the plaintiff alone. If the same negligent delay resulted in damage to the Sinclair Company also, its cause of action therefor was legally distinct from that arising in favor of the plaintiff. A settlement or satisfaction of its claim made in its own behalf could not operate as a bar against this claim of plaintiff as arising out of the same delay.

We have recently held in effect in *Seddon v. Western Union Telegraph Company,* 146 Iowa, 743, that the presentation of the claim in writing is not necessarily a condition precedent to the bringing of suit. The statute itself assumes that a cause of action may accrue before the presentation of the claim. We held, therefore, in the cited case, that the filing of a petition within sixty days and the personal service of an original notice returnable within sixty days from the time the cause of action accrued, was a compliance with this requirement of the statute both in letter and in spirit. In the case at bar, the suit was not commenced for more than one year after the cause of action accrued. The plaintiff never presented in writing a claim for his alleged damages. It is argued, that the letter above quoted gave to the defendant company written notice of the facts upon which this present action is based. This letter, however, conveyed no notice to the company that the plaintiff was making any claim. We had occasion to consider this particular phase of the question in the case of *Younker v. Western Union Telegraph,* 146 Iowa, 499. The conclusion reached in that case is adverse to the position of the appellant, and further reflection confirms us of the correctness of such conclusion. The point is argued in the opinion in that case, and it

3. SAME: notice of claim.

would serve no useful purpose to repeat the argument. This disposes of the principal point argued by the parties. It should not be implied, however, that we deem the plaintiff's petition as disclosing a good cause of action in other respects.

The judgment of the trial court will be *affirmed*.