8397

DAVIES v. WESTERN UNION TELEGRAPH CO.

TELEGRAPH COMPANIES.—In an action for damages for failure to deliver a telegram accepting a position, in reply to one addressed to sender asking if he would accept the position, no recovery should be had unless it appear that the sender of the inquiring telegram would have been appointed to the position if he had received the reply.

Before MEMMINGER, J., May, 1912. Reversed.

Action by Arthur E. Davies against Western Union Telegraph Company. Defendant appeals.

*Messrs. Geo. H. Fearons* and *Nelson, Nelson & Gettys,* for appellant, cite: *Oral testimony as to contents of message is not admissible:* 5 S. C. 358; 72 S. C. 257. *No recovery can be had except for wilful acts alleged:* 45 S. C. 278; 55 S. C. 483; 84 S. C. 60. *No damages can be recovered for wilfulness unless actual damages are sustained:* 60 S. C. 67; 65 S. C. 1. *There was no proof of failure to deliver and nothing to recover for:* 55 S. C. 483; 45 S. C. 278; 84 S. C. 60. *No proof that appointment would be made:* 65 S. C. 490. *Condition of filing claim in 60 days is binding*

*on sender:* 71 S. C. 490. *Mere failure to receive and deliver in a reasonable time does not show negligence:* 84 S. C. 482; 87 S. C. 321.

*Mr. W. J. Thomas,* contra, cites: *Contents of telephoned messages may be shown by parol:* 78 S. C. 506. *Failure to deliver to right person warrants recovery:* 92 S. C. 217; 78 S. C. 426; 82 S. C. 247. *Issue of delay in delivering is for the jury:* 78 S. C. 508.

December 27, 1912. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This is an action for damages for failure to deliver a telegram. The plaintiff contends that he lost a position as paymaster's clerk in the United States Navy. The complaint alleges that the plaintiff received the following telegram:

"Night Letter. Seattle, Wash., July 7, 1910.
Arthur E. Davies, Beaufort, S. C.:

Will you accept appointment pay clerk U. S. Albany? Have fourteen months to do before shore duty. Will try to get duty where clerk is allowed; position open now. Answer collect. (Signed) Paymaster James F. Kutz."

The plaintiff replied by wire as follows:

"Beaufort, S. C., 10:10 a. m., July 8, 1910.
To Paymaster James F. Kutz, Seattle, Wash.:

Will accept appointment clerk U. S. S. Albany. (Signed) Arthur E. Davies."

The plaintiff was informed by service message that paymaster Kutz had gone to Bremerton, Wash., and that the first telegram was not delivered. Thereupon, the plaintiff delivered to the defendant company another telegram, as follows:

"7 :10 p. m.    11th.    20 paid.

Letter.                              Beaufort, S. C., July 11.

To Paymaster James F. Kutz, U. S. S. Albany, Bremerton,
Wash. :

Wired you upon receipt your message from Seattle.
Accept clerkship Albany.    Message not delivered.    Beaufort office wired again paid.    Not delivered.    (Signed) A.
E. Davies."

Both telegrams were delivered after delay to one A. S.
Freedman, "Chief Yeoman," United States Navy, on board
S. S. Albany, who seemed to be the person on the ship to
whom telegrams for persons on the ship were generally
delivered.    There was no evidence that paymaster Kutz
ever received the message; nor is there any statement from
him in regard to the matter.    The jury rendered a verdict
in favor of the plaintiff for one thousand dollars.    From
the judgment on this verdict the defendant appealed.

There are fifteen exceptions, but from the view this Court
takes of this case, it will only be necessary to consider one.

The seventh exception is as follows: "That his Honor
erred in refusing defendant's motion for a nonsuit upon the
ground that there was no evidence that the alleged negligence was the proximate cause of any damage to plaintiff,
in that it does not appear that the delay or failure in delivering the telegram, or any of them, resulted in the loss of
the employment about which the messages related.

"The error being that there was no testimony tending to
show that had the messages been promptly delivered the
plaintiff would have received the appointment, nor was there
any testimony tending to show that the alleged failure to
deliver said messages was the cause of plaintiff not receiving
said appointment."

This exception is sustained.    The paymaster might, with
propriety, have asked any number of people if they would
accept an open position and then select from those willing

to serve, the one most acceptable to him. This was a mere inquiry and did not bind the inquirer until he had notified the one chosen of his appointment. If the paymaster would have appointed the plaintiff, it ought to have appeared, but it does not, and this exception is sustained. This exception being sustained, the other questions do not arise.

The judgment of this Court is that the judgment appealed from be reversed.