STEIL-HAHN COMPANY, Appellant, v. WESTERN UNION TELE-
GRAPH COMPANY, Appellee.

**TELEGRAPHS AND TELEPHONES:** Delayed Delivery—Written
1 Notice of Claim. Written notices of claim for damages because
of delayed delivery of messages must show on their face that
they make claim *on behalf of plaintiff.* (Sec. 2164, Code, 1897.)

**PLEADING:** Demurrer—Admission of Legal Conclusion. Demur-
2 rers do not admit averments which put constructions on ex-
hibited writings contrary to what the writings *necessarily* show
on their face.

*Appeal from Palo Alto District Court.—James De Land, Judge.*

MARCH 15, 1920.

ACTION for damages against the defendant telegraph company for delayed transmission of a telegram. There was a demurrer to the petition, which was sustained, and plaintiff appeals.—*Affirmed.*

*E. A.* and *W. H. Morling,* for appellant.

*Thomas O'Connor* and *Jesse A. Miller,* for appellee.

EVANS, J.—It appears from the averments of the petition that, sometime prior to March 16, 1918, the plaintiff had consigned a car of corn to Fraser-Smith Company, a commission house, at Milwaukee, Wisconsin. On March 16th, the Fraser-Smith Company wired to the plaintiff an offer of $1.50 per bushel, in response to which, the plaintiff immediately wired an acceptance. Each of these telegrams was delayed in transmission about four hours, with the result that the market of that day was lost, and that the corn was sold upon the market of the following day at a loss of 15 cents per bushel.

1. TELEGRAPHS AND TELEPHONES: delayed delivery: written notice of claim.

The demurrer to the petition was based upon the ground that the petition failed to show compliance by the plaintiff with the requirements of Section 2164 of the Code. This section provides:

"But no action for the recovery of such damages shall be maintained unless a claim therefor is presented in writing to such company, officer or agent thereof, within sixty days from time cause of action accrues."

Under this section, the plaintiff was required, in order to mature a right of action, to present to the defendant company its claim in writing, within 60 days after the accrual

thereof.  As bearing upon such question, the petition alleged as follows:

"That, on or about the seventeenth day of April, 1918, the said Fraser-Smith Company, acting for and in behalf of the plaintiff, notified the defendant in writing of the loss and damage sustained by the plaintiff, the original copy of the written notice being in the possession of the defendant, but a copy of the same is as follows, to wit:

" 'April 17, 1918.

" 'Western Union Telegraph Co.,

" 'City.

" 'Gentlemen:

" 'On March 15th at 12:32 P. M. we wired the Steil-Hahn Co. at Mallard, Ia. that we could sell their car of No. 4 white corn which we had on track at $1.50 per bushel, as per original wire delivered to them herewith attached.'

" 'This bid was good for acceptance until 5 P. M. of the same day, and with any reasonable service, we should have had a reply from them by 2 P. M.  You will note, from the attached wire, marked No. 1, that same did not reach Mallard, Iowa, until 4:45 P. M., or 4 hours and 11 minutes.  Steil-Hahn Company immediately wired us, at 4:53 P. M., to sell the car of corn, as per their wire, attached, and you will note that this wire did not reach Milwaukee until 8:42 P. M., or another 4 hours delay.  As our office was closed, we did not receive this wire until the next morning, the 16th; and, as our bid was only good until 5 P. M., we were obligel to sell this car out the next day, at $1.35, on a lower market, thereby sustaining a loss of 15 cents per bushel.

" 'We are attaching a letter from the C. A. Krause Milling Company, for your information, substantiating our claim.  We are also attaching a copy of the Original Account Sales, as sent the shipper of this car.  As this loss is

entirely due to the delay in the transmission of our wire by your company, we are accordingly enclosing our invoice for 15 cents per bushel on the contents of the car, or $275.68. As we have attached all necessary evidence in the matter, we trust you will let us have your voucher to cover same promptly.

> " 'Yours very truly,
> " 'Fraser Smith Co. Ltd.,
> " 'By ————' "

It also averred therein that one of the enclosures referred to in the foregoing written claim was the following statement of the invoice:

"Milwaukee, Wis. April 17, 1918.

"Western Union Telegraph, City, in account with Fraser Smith Co., Grain Commission Merchants,

Duluth          Minneapolis          Milwaukee

"To loss we sustained acct. delay in message Car 78873 -4w-corn 1837 48 bu. @ 15c per bu. $275.68"

Unless the case can fairly be differentiated from *Younker v. Western Union Tel. Co.*, 146 Iowa 499, and *Brockelsby v. Western Union Tel. Co.*, 148 Iowa 273, it is, of course, controlled thereby. The differentiation contended for by the plaintiff, as appellant, is

2. PLEADING: demurrer: admission of legal conclusion.

the allegation of his petition, above set forth. This allegation is predicated wholly upon the written claim and statement, copies of which are set forth. The averment that Fraser-Smith Company notified the defendant in writing of the loss and damage "sustained by the plaintiff" is only the pleader's construction of the fair purport of the writings which he sets forth. The real question presented to us, therefore, is, Do these writings purport to present on behalf of this plaintiff a claim for loss or damage sustained by it? The writings thus exhibited are virtually identical

with the written claim considered in the *Younker* case. While the pleader may properly aver the agency of Fraser-Smith Company, he cannot, by mere averment, put any other construction upon the writing exhibited than that which it necessarily bears upon its face. In presenting a written claim, under the statute, it was competent for the plaintiff to do so through an agent; but, in such case, the duty thus entrusted to the agent would be precisely the same as that laid upon the plaintiff itself by the statute. Whatever the plaintiff was itself required to do under the statute, such duty remained precisely the same, whether done directly, by itself, or done through an agency.

The difficulty presented by a consideration of the writings is that they do not purport to present any claim of loss or damage "sustained by plaintiff," nor do they purport to be made in his behalf. On the contrary, Fraser-Smith Company puts forth a purported claim in its own behalf for its own damages. Needless to say that damages for delayed transmission of a message may result either to sender or to sendee, or to both. The purpose of the statute is to require prompt notice of a claim for damages while the facts are fresh and traceable. This gives the defendant a fair opportunity to ascertain the facts, and to proceed intelligently with an adjustment of the demand. If it is entitled, under the statute, to a written claim of damage, it would seem to be the very essence of such a claim that it should disclose the extent of the damage and the person who suffered it.

The writing under consideration does not disclose in any manner that the plaintiff was claiming any damage, or that it suffered any.

We see no way to differentiate the written claim before us from those considered in the *Younker* and *Brock-*

*elsby* cases. The judgment of the lower court must, therefore, be—*Affirmed*.

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.