WESTERN UNION TELEGRAPH CO. *v.* LAMBERT.*

(Division A.   Feb. 1, 1926.)

[106 So. 819.   No. 26396.]

TELEGRAPHS AND TELEPHONES. *Letter by sender of telegram held not sufficient notice of claim.*

Letter written by sender of telegram to telegraph company *held* not sufficient notice of claim, since it did not convey idea that dam-ages would be complained of by sendee aggrieved by delay in de-livery, as required by stipulation on blank used by sender before liability should attach.

*Corpus Juris-Cyc. References; Tel. and Tel., 37 Cyc., p. 1690, n. 41.

APPEAL from circuit court of Lawrence county.
HON. J. Q. LANGSTON, Judge.

Action by John W. Lambert against the Western Union Telegraph Company.   From a judgment for plaintiff, defendant appeals.   Reversed and judgment rendered.

*Brady, Dean & Hobbs* and *Francis Stark,* for appellant.

From the facts disclosed by the record it is evident that appellee's proof raised no issue which he was en-titled to submit to the jury and that appellant should have had judgment on an instructed verdict.   Appellee failed to comply with one of the contract stipulations, which provided that no liability should attach to the car-rier in any case where claim should not be presented in

writing within sixty days after the date the message was filed for transmission. Appellee plead that this written claim had been filed by the sender for him. Appellee's proof, however, not only failed to show that sender had filed claim on behalf of appellee—it positively and definitely established that neither sender nor sendee ever filed any claim.

Appellee made no proof as to what was contained in the letter which the sender wrote appellant and this proof was essential to establish the allegations of his replication. A simple notice of claimed fault in service is not sufficient. See *Davis* v. *W. U. Tel. Co.* 236 S. W. 407; *Lytle* v. *W. U. Tel. Co.*, 81 S. E. 759; *W. U. Tel. Co.* v. *Moxley,* 98 S. W. 112.

The letter written by appellant's New Orleans manager does not benefit appellee, for there is nothing in its verbiage to show that Van Horn was not undertaking to propound damages of his own, because he did not obtain additional security for the debt appellee already owed. Of course, a claim filed by sender on his own account furnishes no basis for a suit by sendee. *Steil-Holm Co.* v. *W. U. Tel. Co.*, 176 N. W. 787; *W. U. Tel. Co.* v. *Swearington,* 126 S. W. 1071; *Younker* v. *W. U. Tel. Co.*, 125 S. W. 577; *Formey* v. *Postal Tel. & Cab Co.*, 675 S. E. 1012; *Lytle* v. *W. U. Tel. Co.*, 81 S. E. 759. In *Clements* v. *W. U. Tel. Co.*, 27 So. 603 (1900), and *Hartzog* v. *W. U. Tel. Co.*, 36 So. 539 (1904), *this court squarely upheld this exact message stipulation.*

There is no merit whatever in appellee's contentions as set forth in his replication that *as sendee he was not bound by the message conditions.* The answer to this is that the message contract is binding upon all concerned and entirely governs recovery either by sendee or by sender. This court has so decided in *Clement* v. *W. U. Tel. Co.*, 27 So. 602, and *W. U. Tel. Co.* v. *Bourn,* 84 So. 143. See, also, *Jacobs* v. *W. U. Tel. Co.*, 196 S. W. (Kans.) 31; *Kerns* v. *W. U. Tel. Co.*, 198 S. W. (Mo.) 1132; *Gardner* v. *W. U. Tel. Co.*, 231 Fed. 405; *Western*

*Union* v. *Esteve Bros.*, 65 L. Ed. 1094; *Railway Co.* v. *Blish Milling Co.*, 60 L. Ed. 948; *Western Union* v. *Czizek*, 68 L. Ed. 682.

*G. Wood Magee, Geo. N. Magee* and *C. E. Gibson*, for appellee.

Appellant contends that no recovery can be had because appellant was not notified of the claim within sixty days. Our answer to this contention is that appellant had written notice of the claim given it by the correspondence between Van Horn and Porteous copied in the record. The notice from Van Horn, the sender of the message, was a compliance with the rule promulgated by the Interstate Commerce Commission. The rules referred to do not require that the notice be given by any particular party. All that is necessary is that notice of the negligent act be brought home to the company. The only purpose of giving notice at all is that appellant might be given a chance to investigate the complaint before being sued. It cannot be contended that the exact amount of the claim should be stated in dollars and cents, because this, perhaps, would be impossible.

Appellant has cited no decisions of the United States supreme court, holding that the notice under this rule must be given by one claiming the damages and cannot be given for him by another. Van Horn, of course, was not damaged, but he notified the appellant by letter that appellee was damaged and appellant's superintendent wrote Van Horn, as a reply to this notice, that this affair was regretable but unavoidable. So notice had been brought home to appellant that its agents had been negligent and that this negligence had damaged appellee. This is all that is required as to giving notice. To hold otherwise would be quibbling over the rule and going beyond its scope and its purpose. Notice of an outstanding deed need not be brought to the attention of an interested party, by a particular person in order to affect

him; notice that fraud was committed in a transaction need not be brought to the attention of one whose rights are involved by any particular person, or designated individual as a prerequisite to the pleading of that fraud by the party injured. These parallel instances might be cited at length to show that all that was necessary was the notice of the negligent act complained of should be given appellant in writing and this was done in the letter from Van Horn to Porteous. On the question of notice we cite *W. U. Tel. Co.* v. *Czizek* (U. S.), L. Ed. 682. It will be noticed that the United States supreme court in this case places a broad construction up on the rule requiring notice of the claim, and a careful reading of this case will convince the court that appellant's contention, that no recovery in the case at bar should be given because of a lack of notice, is unsound.

Argued orally by *Herman Dean,* for appellant, and *G. Wood Magee,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment for damages alleged to have been sustained by the appellee because of delay by the appellant in delivering a telegram which it received at New Orleans, La., for transmission to the appellee at Monticello, Miss. The telegram was written by the sender on one of the appellant's regular blanks therefor, on which appears the following stipulation, which has been approved by the Interstate Commerce Commission:

"The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission."

The appellee himself filed no claim for damages with the appellant, but contends that a claim therefor was filed for him by the sender of a telegram. The only evi-

dence on which this claim is based appears in a letter written to the sender of the telegram by the appellant's manager, at New Orleans, La., a few days after the sending of the telegram, which reads as follows:

The Western Union Telegraph Company.
"William A. Porteous, City Superintendent.

"New Orleans, La., October 17, 1923.
"Oliver H. Van Horn Company, Inc., 522-534 Camp Street, New Orleans, La.

Gentlemen: Referring to your letter of October 9, relative to handling of telegram of October 3, to Mr. J. W. Lambert, Monticello, Miss., we find that the message filed at 8:30 p. m., October 3, was not received in Monticello until 8:30 a. m., October 4, due to that office being closed. Our office at Monticello was unable to locate addressee on October 4, and delivery was not made until the following day. The delay, while very much regretted, was unavoidable under the circumstances. Yours very truly, [Signed] Wm. A. Porteous, City Superintendent."

It does not appear from this letter that either the sender or the sendee of the telegram intended to claim damages for the delay in its delivery, and, whatever else such notice must contain, it must at least convey the idea that damages will be complained of by the person aggrieved by the delay in the delivery of the telegram. We do not understand the case of *Western Union Telegraph Co.* v. *Czizek,* 264 U. S. 281, 44 S. Ct. 328, 68 'L. Ed. 682, to hold otherwise, for the letter there written to the telegraph company by the sendee of the telegram, which had not been delivered, indicated that he intended to hold the company for damages therefor.

The judgment of the court will be reversed, and judgment for the appellant will be rendered here.

*Reversed and judgment here.*