## SOUTH CAROLINA PEACH GROWERS' ASSOCIATION
## v. WESTERN UNION TELEGRAPH COMPANY

(146 S. E., 873)

*Messrs. Francis R. Stark, Nelson & Mullins,* and *S. E. Ellerbe,* for appellant,

*Messrs. Willcox & Hardee,* for respondent,

February 13, 1929.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an action for $712.62 damages alleged to have been sustained by the plaintiff, in consequence of the alleged negligent failure of the defendant company to promptly notify the sender of a certain message, *admittedly misdirected by the sender,* that it had not been delivered.

It appears that the plaintiff had shipped two cars of peaches to its selling agent at Potomac Yards, Va. In consequence of a telegram received from the selling agent, the plaintiff wired the selling agent on July 31, 1925, to divert the cars to a purchaser at Pittsburgh, Pa. The selling agent's address was 945 Pennsylvania avenue, *Washington, D. C.,* but, by the error of the plaintiff's sales manager at Florence, S. C., the telegram was addressed to the selling agent, at the above street address, *Pittsburgh, Pa.,* and of course was not delivered. The telegram read: "Divert (to) Fort Pitt Fruit and Produce Exchange, Pittsburgh (the two cars). *Confirm.*" No confirmation of the telegram was received at Florence, and the plaintiff did not learn of the failure of the sales agent to divert the cars to Pittsburgh until August 3d, at which time the sale at Pittsburgh had fallen through, resulting in a loss to the plaintiff of the amount sued for, $712.62 on both cars.

The plaintiff's claim is based upon the alleged breach of duty on the part of the defendant in not informing it promptly after it ascertained that the addressee of the telegram could not be located at the address mistakenly given by the sender, alleging that, if this information had been received promptly, the error would have been discovered and corrected in time to complete the sale at Pittsburgh.

It seems to have been assumed by the appellant's counsel (which is probably true), that the telegraph company, as soon as it ascertained the impossibility of delivering the message as addressed, owed to the sender the duty of promptly notifying it of that fact. They raised the issue, however, by motion for a nonsuit, contending that the plaintiff had failed to show that the alleged negligence of the defendant was the proximate cause of the loss and damage alleged to have been sustained by the plaintiff, in that there was an entire failure on the part of the plaintiff to prove that B. M. Knoble, the selling agent, would have diverted the cars promptly, or in time to prevent the plaintiff from losing the sale of the cars to the party in Pittsburgh to whom they had been originally sold.

In order to show that the damages proximately resulted from the failure to receive notice of the nondelivery of the telegram, it should have been shown that: (1) if such notice had been received, the plaintiff would have promptly notified B. M. Knoble to divert the cars in question, and (2) that, if and when such instructions had been received by Knoble, he would have diverted the cars, and that the same would have reached the purchaser within the time contemplated by the contract. This the plaintiff utterly failed to do. No witness for the plaintiff testified that, if notice of nondelivery of the original telegram had been received, the plaintiff would have notified Knoble to divert the cars to the purchaser, at Pittsburgh. B. M. Knoble, the addressee of the telegram, was not produced as a witness, nor was there one tittle of testimony to the effect that, if Knoble had received

the diversion order, he could or would have diverted the cars so as to have them arrive in Pittsburgh within the time contemplated by the purchaser and the plaintiff. Even if we assume that the plaintiff, upon receipt of notice of the non-delivery of the telegram, would have furnished Knoble with diversion instructions, as to which there was no testimony, the plaintiff failed to show when Knoble would have received such instructions, and whether he would or could have carried them out when received; furthermore, even had Knoble attempted to divert the cars, there was no proof that, had they been diverted, they would have reached the intended market at any particular time.

In other words, in so far as the evidence disclosed, the alleged loss was not the proximate consequence of the telegraph company's negligence, because, even if the company had performed its duty, there was no proof that the loss would not still have occurred, or that the object of the message would have been accomplished. 37 Cyc. 1758; *Capers v. Western Union Tel. Co.,* 71 S. C., 29, 50 S. E., 537; *Harmon v. Western Union Tel. Co.,* 65 S. C., 490, 43 S. E., 959; *Davies v. Western Union Tel. Co.,* 93 S. C., 318, 76 S. E., 820.

On the question as to when the plaintiff would have furnished Knoble with diversion instructions, if at all, and whether Knoble would have diverted the cars in time if the instructions had been received, *the record is absolutely silent.*

We think that the evidence, or the lack of it, fully justified the motion for a nonsuit, and that it should have been granted.

The defendant, by motion for a directed verdict, took the further position that the message in question, being an interstate message, the validity and applicability of the stipulation with reference to filing claims within 60 days must be determined by the federal law, which does not permit a recovery by one person on a claim filed or presented by another.

No written claim was or has ever been filed by the plaintiff, South Carolina Peach Growers' Association. The only written claim filed was filed on behalf of Carolina Co-operatives Consolidated, which written claim expressly states that "this claim for $401.82 is made against the company named above by *Carolina Co-operatives Consolidated* for loss in connection with the following described shipment." The claim does not purport to be made on behalf of the South Carolina Peach Growers' Association. In fact, the written claim contains no reference to the South Carolina Peach Growers' Association.

The defendant, both by motion for direction of verdict and request to charge, made the point that the plaintiff could not recover on its claim for damages, because it had failed to present such claim in writing to the defendant within 60 days after the message was filed for transmission. The precise question raised by these exceptions is whether the plaintiff has complied with the stipulation in question, and that depends upon whether the plaintiff is entitled to recover by showing that a written claim was filed in the name of and on behalf of a party other than the plaintiff.

The precise question has arisen in a number of cases, and the Courts have uniformly held that the claim must be filed in the name of, or on behalf of, the plaintiff, and that a written claim filed on behalf of some party other than the plaintiff is not a compliance with the stipulation. *Webbe v. Western Union Tel. Co.,* 64 Ill. App., 331; *Western Union Tel. Co. v. Beck,* 58 Ill. App., 564; Brockelsby v. *Western Union Tel. Co.,* 148 Iowa, 273, 126 N. W., 1105; *Younkers v. Western Union Tel. Co.,* 146 Iowa, 499, 125 N. W., 577; *Swain v. Western Union Tel. Co.,* 12 Tex. Civ. App., 385, 34 S. W., 783; *Forney v. Postal Telegraph-Cable Co.,* 152 N. C., 496, 67 S. E., 1012; *Western Union Tel. Co. v. Lambert,* 141 Miss., 580, 106 So., 819; *Steil-Hahn Co. v. Western Union Tel. Co.,* 188 Iowa, 707, 176 N. W., 787; *Western Union Tel. Co. v. Swearengen,* 94

Ark., 336, 126 S. W., 1071; *Western Union Tel. Co. v. Moxley,* 80 Ark., 554, 98 S. W., 112.

The judgment of this Court is that the judgment of the Circuit Court be reversed and that the case be remanded to that Court for the entry of judgment in favor of the defendant under Rule 27.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and STABLER concur.

MR. JUSTICE CARTER did not participate.